# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TANYA ZITO**                                    **CIVIL ACTION**

**VERSUS**                                        **NO. 18-684-JWD-EWD**

**J.C. PENNEY SERVICES, L.L.C**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 22, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TANYA ZITO                                    CIVIL ACTION

VERSUS                                        NO. 18-684-JWD-EWD

J.C. PENNEY SERVICES, L.L.C

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the court is the Motion to Remand ("Motion") filed by Plaintiff Tanya Zito ("Plaintiff"). The Motion is opposed by removing party J.C. Penney Corporation, Inc. For the reasons set forth herein, the undersigned **RECOMMENDS**[1] that the Motion[2] be **GRANTED IN PART** and that this action be **REMANDED** to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction under 28 U.S.C. § 1332. To the extent Plaintiff requests an award of costs and attorney's fees under 28 U.S.C. § 1447(c), the undersigned recommends that such request be **DENIED.**

## I.      Facts and Procedural Background

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Plaintiff on November 25, 2017 when Plaintiff slipped and fell in a store Plaintiff claims was owned by "J.C. Penney Services, L.L.C." located inside the Mall of Louisiana.[3] As a result of the accident, Plaintiff filed a Petition for Damages ("Petition") against Defendant J.C. Penney Services, L.L.C. ("Defendant") on or about June 8, 2018 in the Nineteenth Judicial District

---

[1] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).
[2] R. Doc. 11.
[3] R. Doc. 1-2, ¶¶ 4-5.

Court for the Parish of East Baton Rouge.[4]  On July 12, 2018, J.C. Penney Corporation, Inc. ("J.C. Penney Corporation") removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[5]  Specifically, the Notice of Removal alleges that Plaintiff is a citizen and domiciliary of Louisiana and J.C. Penney Corporation is incorporated in Delaware with its principal place of business in Texas.[6]  J.C. Penney Corporation claims that Plaintiff "improperly identified …J.C. Penney Services, L.L.C." as defendant in this matter.[7]

The Notice of Removal, referencing the Petition, alleges the following to establish the amount in controversy: Plaintiff fell into a puddle of clear liquid, which caused her foot and knee to swell immediately.[8]  Plaintiff was thereafter transported to the hospital by ambulance.  Plaintiff allegedly suffered "serious injuries" including but not limited to: muscle spasms, lower back pain, swelling of her knee, L3-L4 disc bulge, L4-L5 disc bulge, L5-S1 disc bulge, lumbar facet arthropathy, lumbar sprain, lumbar strain, lumbar radiculopathy, right ankle sprain, knee pain, shoulder pain, sprain of cervical ligaments, cervicalgia, pain in thoracic spine, strain of back wall of thorax, sprain of ligaments of thoracic spine, sprain of left AC joint, sprain of left rotator cuff capsule, stiffness of left shoulder, pain in the right knee, sprain of MCL right knee, fatigue, loss of sleep, inability to walk for a period of time and "many other injuries."[9]  In connection with these injuries, Plaintiff seeks the following damages: past, present and future mental pain and suffering, physical pain and suffering, and medical expenses; humiliation and embarrassment; loss of enjoyment of life and future income; lost wages; and costs and judicial interest.[10]  Plaintiff also affirmatively alleges that, upon information and belief, her "damages are in excess of Fifty

---

[4] R. Doc. 1-2.
[5] R. Doc. 1, p. 1 and ¶ 3.
[6] R. Doc. 1, ¶ 5 and R. Doc. 1-2, ¶ 1.
[7] R. Doc. 1, p. 1.
[8] R. Doc. 1-2, ¶¶ 5-6.
[9] R. Doc. 1-2, ¶¶ 8, 13 and R. Doc. 1, ¶ 10.
[10] R. Doc. 1-2, ¶ 14 and prayer for relief, and R. Doc. 1, ¶ 9.

Thousand Dollars and 00/100 ($50,000)."[11] J.C. Penney Corporation claims that the foregoing, in addition to the fact that Plaintiff seeks to recover through a Commercial General Liability insurance policy issued to J.C. Penney Corporation with liability limits of $1,000,000 per accident,[12] establishes that the amount in controversy requirement is met.[13]

On July 28, 2018, the undersigned *sua sponte* ordered J.C. Penney Corporation to file an amended notice of removal that adequately alleged the citizenship of J. C. Penney Services, L.L.C. (the named defendant), as well as a memorandum and supporting evidence regarding the amount in controversy.[14] On August 6, 2018, J.C. Penney Corporation filed its Motion to Substitute Notice of Removal, which attached an amended Comprehensive Notice of Removal ("Amended Notice") that properly pled the citizenship of J.C. Penney Services, L.L.C.[15] The next day, J.C. Penney Corporation filed its Memorandum on Subject Matter Jurisdiction ("Memorandum") in compliance with the Court's July 28, 2018 Order.[16] Plaintiff responded with the instant Motion.[17]

## II. Arguments of the Parties

### A. J.C. Penney Corporation's Amended Notice and Memorandum

J.C. Penney Corporation's Amended Notice and Memorandum aver that diversity among the parties has been established, as Plaintiff is a citizen of Louisiana, J.C. Penney Corporation is a corporate citizen of Delaware and Texas, and Defendant is a limited liability company with two individual members who are Texas citizens.[18]

---

[11] R. Doc. 1-2, ¶ 16.
[12] The Amended Notice states that the confirmation of coverage of this policy is "attached hereto" to the Amended Notice; however, the policy information is not in the record. R. Doc. 1, ¶ 16.
[13] R. Doc. 1, ¶¶ 12, 16.
[14] R. Doc. 5.
[15] R. Docs. 8, 8-1 (now, R. Doc. 1), and 10. Defendant is alleged to be a limited liability company with two members, both of whom are Texas citizens. R. Doc. 1, ¶¶ 7-8.
[16] R. Doc. 9.
[17] R. Doc. 15.
[18] R. Doc. 1, ¶¶ 5-8 and R. Doc. 9, pp. 1-2.

J.C. Penney Corporation acknowledges in the Amended Notice and/or Memorandum that, as the removing party, it has the burden to establish that the amount in controversy is met, in one of two ways: (1) either by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount.[19] If the defendant provides evidence to show by a preponderance that the amount is met, then the burden shifts to the plaintiff to show to a legal certainty that the amount in controversy is not met.[20] J.C. Penney Corporation further recognizes that, while Louisiana law does not allow Plaintiff to plead a specific amount of damages, "it is apparent from the fact [sic] of the Petition, as well as the additional facts set forth herein, that the amount in controversy [is met]".[21] Likewise, according to J.C. Penney Corporation, "it is clear that if plaintiff does succeed in proving her claim, she will almost certainly recover in excess of $75,000 based on reported cases with similar injuries."[22]

In support of the foregoing contentions, J.C. Penney Corporation relies on Plaintiff's injuries, including multiple disc bulges, muscle spasms, lower back pain, pain in thoracic spine, sprain of thoracic spine ligaments, etc. (*see* listing, *supra*), and Louisiana state court cases involving general damage awards for these types of injuries.[23] In the Amended Notice, J.C. Penney Corporation specifically contends that "Louisiana courts have awarded well over $75,000 for lumbar bulges, alone, even without a recommendation for surgery," citing two unreported Louisiana district court cases that allegedly awarded $200,00 in general damages for lumbar

---

[19] R. Doc. 1, ¶ 10.
[20] R. Doc. 1, ¶ 11, R. Doc. 9, p. 2.
[21] R. Doc. 1, ¶ 12.
[22] R. Doc. 9, p. 2.
[23] R. Doc. 1, ¶ 14 and R. Doc. 9, pp. 2-3.

injuries without surgery,[24] and *Thomas v. Louis Dreyfus Commodities, LLC*,[25] wherein this Court recognized that courts have awarded general damages to plaintiffs who had cervical and lumbar injuries, without surgeries, several times the amount of incurred medical expenses.  In its Memorandum, J.C. Penney Corporation also relies on *Henry v. National Union Fire Ins. Co.*, wherein Louisiana's First Circuit Court of Appeal upheld an award of $65,000 in general damages for two level disc bulge, cervical strain, and cervical radiculopathy without herniation[26] and *Yeager v. Allstate Ins. Co.,* wherein Louisiana's Third Circuit upheld an award of $19,000 in general damages for thoracic pain without disc bulging,[27] among other authority.[28]

J.C. Penney Corporation acknowledges that, while a single disc bulge likely does not satisfy the amount in controversy requirement, it is facially apparent from Plaintiff's allegations, when viewed "in their totality," that Plaintiff's claims exceed $75,000 based on the total amount awarded by the courts in the referenced cases for all of the various injuries claimed by Plaintiff. Further, J.C. Penney Corporation contends that the foregoing cases, which feature analogous injuries, also satisfy its burden of showing, by a preponderance of the evidence, that the amount in controversy is satisfied.[29]

---

[24] R. Doc. 1, ¶ 15 *citing* "*Hoffman v. Shelter Mut. Ins. Co.,* 641,363 (19th JDC 03/08/18)," allegedly awarding $200,000 in general damages ($14,203.00 in past medicals for aggravation of pre-existing arthritis/degenerative back disease requiring conservative treatment and therapy), and "*Smith v. Zurich American Ins. Co*., 108,524 (23rd JDC 10/14/15)," allegedly awarding $200,000 in general damages ($7,519.61 in past medicals for generic lumbar injury).
[25] No. 15-394, 2016 WL 1317937 at *5 (M.D. La. Mar. 11, 2016).
[26] 88,0061, 542 So.2d 102 (La. App. 1 Cir. 4/11/89) (subsequent history omitted).
[27] 03-1609 (La. App. 3 Cir. 4/28/04), 872 So.2d 592.
[28] R. Doc. 9, p. 3, *citing Johnson v. St. Roman, et al*, 11-266 (La. App. 3 Cir. 10/5/11, 74 So.3d 836 (affirming award of $22,500 in general damages for shoulder sprain/strain) and *Orillac v. Soloman*, 33,701 (La. App. 2 Cir. 8/23/00), 765 So.2d 1185 (affirming award of $5,000 in general damages for a knee surgery).
[29] R. Doc. 9, p. 4 *and see* R. Doc. 1, ¶ 17.

### B. Plaintiff's Motion to Remand

Plaintiff contends that J.C. Penney Corporation's removal is "jurisdictionally defective" because J.C. Penney Corporation has not demonstrated that the amount in controversy is met.[30] Regarding the facially apparent inquiry, Plaintiff contends that her alleged injuries are "general and not specific."[31] Further, while the categories of damages she lists in her Petition "may possibly" bring the amount in controversy to more than $75,000, the Fifth Circuit has held that such speculation is insufficient to satisfy the amount in controversy requirement.[32] Plaintiff further contends that, while removal is dependent on the amount in dispute at the time of removal, which includes her transportation by ambulance to Baton Rouge General Hospital and treatment by two providers,[33] Plaintiff did not specifically allege that her damages exceed $75,000, and merely asserted "on information and belief" that her damages are in excess of $50,000.[34] Plaintiff contends that the $50,000 allegation is subject to "mere consideration" and should not be found "definite."[35]

Next, Plaintiff argues that remand is warranted as J.C. Penney Corporation has produced no evidence or set forth any specific facts to support a finding of the requisite amount, such as medical records or other evidence, besides reference to J.C. Penney Corporation's $1 million insurance policy.[36] Plaintiff further contends that J.C. Penney Corporation has not requested any discovery from Plaintiff regarding the injuries and damages Plaintiff sustained.[37] Plaintiff also

---

[30] R. Doc. 15-1, p. 3.
[31] R. Doc. 15-1, p. 6.
[32] R. Doc. 15-1, p. 7 *citing Rogers v. Lowe's Home Centers, LLC*, No. 15-5710, 2016 WL 4751792, (E.D. La. Sept. 12, 2016), *5 ("[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard" (citations omitted)).
[33] In the Motion to Remand, Plaintiff claims to have received treatment with two medical providers, the Medical Spine and Injury Center and the Baton Rouge Orthopedic Clinic, since the accident. R. Doc. 15-1, p. 2.
[34] R. Doc. 15-1, pp. 2, 6, 9.
[35] R. Doc. 15-1, p. 7.
[36] R. Doc. 15-1, p. 7.
[37] R. Doc. 15-1, p. 3.

relies on *Rogers*, wherein the United States District Court for the Eastern District of Louisiana held that the defendant failed to carry its burden of establishing that the amount in controversy requirement was met when the only evidence presented was $57,805.80 in pre-removal medical expenses, with no showing of future medical expenses or other damages, and further held: "Plaintiff has not alleged in his petition that his pain and suffering along with medical expenses would exceed $75,000, and Defendants provide no evidence to suggest that they would."[38]

### C.  J.C. Penney Corporation's Opposition to Remand

In opposition, J.C. Penney Corporation re-avers the cases and arguments set forth in its Memorandum (*see* discussion, *supra*).  J.C. Penney Corporation continues to contend that it is facially apparent that the amount in controversy is satisfied based on the "value of each of plaintiff's alleged injuries, as stated in plaintiff's petition for damages," which injuries Plaintiff pleaded "with remarkable specificity," along with "additional facts that affect quantum, *i.e.*, being transported by ambulance."[39]  Finally, J.C. Penney Corporation argues that *Rogers* is factually distinguishable, because in *Rogers*, the defendants conceded that it was not facially apparent that the amount in controversy was met, and instead relied on factual evidence to satisfy their obligation to show that it was met.  In this case, however, J.C. Penney Corporation has always contended that it is facially apparent that Plaintiff's claims exceed the jurisdictional minimum and does not rely on factual evidence to satisfy its burden.  On these grounds, J.C. Penney Corporation contends that the Motion to Remand should be denied.[40]

---

[38] R. Doc. 15-1, p. 8.
[39] R. Doc. 17, pp. 1-2.
[40] R. Doc. 17, p. 2.

7

## III.    Law and Analysis

### A.  Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[41]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[42]  Remand is proper if at any time the court lacks subject matter jurisdiction.[43]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[44]

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[45]  If, however, the "[s]tate practice ... does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."[46]  In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions.[47]

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied.[48]  The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting

---

[41] 28 U.S.C. § 1441(a).
[42] 28 U.S.C. § 1332(a)(1).
[43] *See* 28 U.S.C. § 1447(c).
[44] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).
[45] 28 U.S.C. § 1446(c)(2).
[46] 28 U.S.C. § 1446(c)(2)(A)(ii)–(B).
[47] La. Code Civ. P. art. 893(A)(1).
[48] *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999).

forth facts in controversy that support a finding of the jurisdictional minimum.[49]  If the defendant can produce evidence sufficient to show by a preponderance, *i.e.*, summary judgment-type evidence, that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.[50]  The jurisdictional facts that support removal must be judged at the time of removal.[51]

Since the parties are of diverse citizenship, which is undisputed, the only issue with regard to the Court's exercise of subject matter jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

### B.  It Is Not Facially Apparent From the Petition That the Amount in Controversy Is Met.

The undersigned previously determined that it was not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000, which was the reason for the July 28, 2018 *sua sponte* order.[52]  Therefore, the undersigned rejects J.C. Penney Corporation's arguments to the contrary and analyzes only the question of whether J.C. Penney Corporation has established by a preponderance of the evidence that the amount in controversy is met.

---

[49] *Id., and see Richard v. Georgia Gulf Lake Charles, LLC,* No. 07-0050, 2007 WL 2319804, *7 (W.D. La. Aug. 10, 2007) *citing De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995).

[50] *See, e.g., Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 869 (5th Cir. 2002) and *De Aguilar*, 47 F.3d at 1412.

[51] *Kimble v. America First Ins. Co.,* No. 14-67, 2014 WL 1761556, at *2 (M.D. La. Apr. 28, 2014), *citing Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) and *Womack v. Nat'l Union Fire Ins. Co.,* No. 16-13127, 2016 WL 4728096, at *1 (E.D. La. Sept. 12, 2016).

[52] R. Doc. 5, p. 3. ("Additionally, it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interests and costs.").  While J.C. Penney Corporation is correct that the Petition contains a long list of injuries, most of those injuries boil down to generalized sprains and strains.  Without more information to establish the severity, permanence or treatment, the mere listing of a lot of injuries is not sufficient to establish the amount in controversy requirement.

### C. J.C. Penney Corporation Has Not Met Its Burden of Establishing that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs

The undersigned finds, based upon a review of the record, that J.C. Penney Corporation has failed to establish by a preponderance of the evidence that the amount in controversy is met. J.C. Penney Corporation's reliance on Plaintiff's injuries, and general categories of damages,[53] is not summary-judgment type evidence[54] that shows that Plaintiff's damages in this case will likely exceed $75,000 exclusive of interest and costs. J.C. Penney Corporation has not provided any information that sets forth the extent of Plaintiff's injuries and whether they are permanent, the amount of medical expenses she has incurred,[55] the amount of future medical expenses she may incur, whether a surgery is recommended, the amount of her past lost wages, or the amount of her anticipated lost future wages and/or any other relevant evidence of Plaintiff's damages. Indeed, remand has been ordered even where the evidence established that the plaintiff's past medical expenses exceeded $50,000 and general damages were claimed because there was no evidence that the plaintiff's damages likely exceeded $75,000 exclusive of interest and costs (*i.e.*, there was no evidence of the plaintiff's future medical expenses, present medical condition, past, present or future lost wages, lost earning capacity, or other damages.)[56] In this case, there is simply no information in the record that shows, by a preponderance of the evidence, that Plaintiff's claimed

---

[53] A plaintiff's general allegations of "serious injuries" and general categories of damages are insufficient. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.

[54] *See, e.g., Grant,* 309 F.3d at 869 and *De Aguilar,* 47 F.3d at 1412.

[55] Plaintiff stated that she was transported by ambulance and received treatment by two providers; however, there is no information in the record regarding the cost associated with the treatment/services.

[56] *Robertson v. Boyd*, No. 16-1547, 2016 WL 3086164, *3 (E.D. La. June 2, 2016).

10

damages, which in this case arise out of a slip and fall that caused injuries to her back, shoulder, knee and ankle, will likely exceed $75,000.[57]

Next, while Plaintiff has alleged in her Petition that her damages may exceed $50,000,[58] that assertion alone is not enough to show that the jurisdictional minimum is reached.[59] Likewise, J.C. Penney Corporation's reference to its one million dollar insurance policy is not persuasive evidence indicating the amount of Plaintiff's damages in this case.[60]  J.C. Penney Corporation has failed to come forward with any reliable evidence, such as medical records, settlement demands, and/or discovery responses that would tend to show that Plaintiff's damages likely exceed $75,000.

---

[57] *See Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 849–50 (5th Cir. 1999) (remanding the plaintiff's claims for bodily injuries and damages, including but not limited to a severely injured shoulder, soft-tissue injuries throughout the plaintiff's body, bruises, abrasions and other injuries, medical expenses and loss of consortium after the plaintiff was dragged through a Wal-Mart parking lot the distance of several parking spaces by an assailant in a car who grabbed the purse wrapped around her arm).  While the plaintiff had fewer types of injuries in *Simon*, the circumstances wherein she sustained them were more egregious than Plaintiff's slip and fall; yet, the Fifth Circuit ordered remand because of the defendant's failure to establish that the *Simon* plaintiff's damages exceeded the federal jurisdictional minimum.

[58] *See* La. Code Civ. P. arts. 1732 and 893(A)(1), which provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish ... the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages ... a general allegation that the claim exceeds or is less than the requisite amount is required."

[59] *See Machinery Paver Sales, Inc. v. Bomag Americas, Inc.* No. 06-697, 2007 WL 2900489, at *3 (M.D. La. Oct. 1, 2007) (holding that the plaintiff's request for a jury trial was indicative that at least $50,000 was in controversy but was not determinative; likewise, the absence of an allegation that the plaintiff's damages were for less than the requisite amount to assert federal jurisdiction was also a factor to consider but not determinative).

[60] *See, e.g., Robertson,* 2016 WL 3086164 at *1 (noting that, in a personal injury case, the amount in controversy should be measured by the value of the underlying claim, not the value of the insurance policy).  As noted above, the insurance policy information is not in the record.  Further, while J.C. Penney Corporation argues that "Plaintiff seeks to recover against J.C. Penney Corporation, Inc. through a Commercial General Liability insurance policy issued to J.C. Penney Corporation, Inc., with liability limits of $1,000,000 per accident." (R. Doc. ¶ 16), Plaintiff did not name J.C. Penney Corporation's insurer as a defendant in this action, nor does J.C. Penney Corporation provide any evidence of any settlement demand by the Plaintiff, for example, for the limits of the insurance policy at issue.

J.C. Penney Corporation's authority on quantum is also not persuasive.[61]  As the Court previously noted in its prior Order, *Thomas v. Louis Dreyfus Commodities, LLC,*[62] is distinguishable because it involved a review of general damage award cases in combination with the presence of the plaintiff's herniated disc, which injury has not been alleged in this case. In general, herniated discs result in greater damage awards than bulging discs, such as Plaintiff's.  In fact, a general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections (of which there is no evidence here).[63]

Finally, the removal statute is strictly construed "and any doubt as to the propriety of removal should be resolved in favor of remand."[64]  For these reasons, the Court finds that J.C. Penney Corporation has failed to carry its burden of proving that Plaintiff's damages in this case exceed $75,000, exclusive of interest and costs.

---

[61] J.C. Penny Corporation's cited authority on disc bulges and cervical strain is *Henry v. Nat'l Union Fire Ins. Co.,* 88-0061 (La. App. 1 Cir. 04/11/89), 542 So.2d 102 (subsequent history omitted).  In that case, the plaintiff suffered disc bulges and pressure on or damage to her nerve roots after a motor vehicle accident.  Unlike the record herein, in that case there was evidence of on-going pain, numbness, loss of balance, weakness in limbs, headaches, inability to perform tasks such as grocery shopping, household chores, and daily life activities such as dancing, jogging, and swimming.  Further, the plaintiff could no longer perform some job duties and was placed on job restrictions.  Finally, there was a 51% chance of future surgery for the plaintiff.  On these facts, which are not present herein, the appellate court upheld an award of $65,000 to the plaintiff. *Id.* at 104-105.  J.C. Penny Corporation's cited authority on thoracic and cervical spine soft-tissue injuries is *Yeager v. Allstate Ins. Co.,* 03-1609 (La. App. 3 Cir. 4/28/04), 872 So.2d 592.  In that case, the plaintiff suffered a back injury after a motor vehicle accident and presented evidence of constant pain, inability to work or sleep for three months, physical therapy for two months, and residual pain and work restrictions thereafter.  On these facts, also not present herein, the appellate court affirmed a general damage award of $19,000.

[62] 2016 WL 1317937.  J.C. Penney Corporation's Louisiana district court cases were not reviewed because they are not reported and were not provided to the Court.

[63] *See, e.g.*, *Clement v. Carbon*, 13-827 (La. App. 5 Cir. 4/19/14), 153 So.3d 460, 464 (affirming award of $30,000 in general damages for bulging disc at C5-6); *Mixter v. Wilson*, 10-464 (La. App. 5 Cir. 12/14/10), 54 So.3d 1164, 1169 (increasing award for general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and plaintiff was treated with epidural steroid injections) and *Holford v. Allstate Ins. Co.*, 41,187 (La. App. 2 Cir. 6/28/06), 935 So.2d 758, 763 (affirming general damages award of $25,000 for "chronic back pain" where MRIs revealed mild bulging discs at L1-2 and T11-12 likely aggravated by the accident).

[64] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) *citing In re Hot–Hed, Inc.,* 477 F.3d 320, 323 (5th Cir. 2007).

### D. An Award of Costs and Fees is Not Warranted In this Case

Plaintiff also requests an award of costs and fees incurred in filing her Motion to Remand pursuant to 28 U.S.C. § 1447(c), which provides, in pertinent part, that an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.[65]  However, there is no automatic entitlement to an award of attorney's fees under § 1447(c), as the clear language of the statute makes such an award discretionary.[66] In applying § 1447(c), courts consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case.... In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[67]  Review of the record shows that an award of costs and attorney's fees is not warranted in this case.  Plaintiff claims to have suffered "serious injuries" and seeks a lengthy, if vague, list of damages.  Additionally, Plaintiff claims damages of more than $50,000, but does not specifically state in the Petition that the federal jurisdictional amount is not met.  While doubt is resolved in favor of remand, the question here is a close one. Accordingly, J.C. Penney Corporation did have an objectively reasonable grounds for removal. As such, Plaintiff's request for the costs and attorney's fees incurred in filing the Motion to Remand should be denied.

## IV.    Recommendation

**IT IS RECOMMENDED** that the Motion to Remand filed by Plaintiff Tanya Zito be **GRANTED IN PART,** and this matter be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28

---

[65] 28 U.S.C. § 1447(c), R. Doc. 15, p. 1 and R. Doc. 15-1, p. 9.
[66] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000).
[67] *Id.* at 293.

U.S.C. § 1332(a). **IT IS FURTHER RECOMMENDED** that Plaintiff's request for an award of costs and attorney's fees under 28 U.S.C. § 1447(c) be **DENIED.**

      Signed in Baton Rouge, Louisiana, on January 22, 2019.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**